PETERSON v AUTO-OWNERS INSURANCE COMPANY

Docket No. 262159. Submitted November 16, 2006, at Detroit. Decided February 27, 2007, at 9:15 a.m.

Jennifer Peterson, as the conservator of the estate of Tracy Holes, a minor, originally brought an action in the Wayne Circuit Court against Auto-Owners Insurance Company and others, including Hashim Jamal-Hughes, alleging in part that Jamal-Hughes had injured Holes in an automobile accident, that he had no insurance, and that Auto-Owners, which was the plaintiff's insurer, had refused to pay uninsured motorist benefits. Jamal-Hughes was not served, and the summons expired, although the court never entered an order dismissing him. It was later determined that Jamal-Hughes had a policy with North Pointe Insurance Company, and the plaintiff and North Pointe agreed to settle the plaintiff's claim for the limit of Jamal-Hughes's policy. Over Auto-Owners' objection, the court, Gershwin A. Drain, J., approved the settlement pursuant to MCR 2.420 and entered an order allowing a partial settlement against Jamal-Hughes only. On Auto-Owners' motion, the court entered an order changing venue to the Bay Circuit Court. Auto-Owners then moved for summary disposition in that court, arguing that the plaintiff had violated the terms of her policy by settling with North Pointe without Auto-Owners' consent. The plaintiff moved in the Bay Circuit Court to set aside the Wayne Circuit Court's order approving the settlement. The Bay Circuit Court, Kenneth W. Schmidt, J., denied the plaintiff's motion, concluding that neither it nor the Wayne Circuit Court had ever had jurisdiction over Jamal-Hughes, that Auto-Owners had informed the Wayne Circuit Court that the plaintiff's failure to obtain Auto-Owners' approval of the settlement might bar further proceedings against Auto-Owners, that the plaintiff had made a trial strategy decision to settle, and that the Wayne Circuit Court had the right to approve the settlement. The Bay Circuit Court denied the plaintiff's motion and dismissed the claims against all defendants. The plaintiff appealed.

The Court of Appeals *held*:

The Bay Circuit Court did not err by denying the plaintiff's motion to set aside the order, which the plaintiff characterizes as

a judgment. Under MCR 2.102(E), Jamal-Hughes was deemed dismissed when he was not served. The Wayne Circuit Court, however, did not enter a judgment against Jamal-Hughes after he was dismissed. Rather, it properly entered an order approving a settlement with Jamal-Hughes's insurer. Because the plaintiff had commenced a civil action on behalf of a minor, MCR 2.420(A) and (B) required the judge to whom the action was assigned, rather than the probate court, to approve or reject the proposed settlement, regardless of whether a defendant who was a party to the settlement had been dismissed. The plaintiff claimed in the Bay Circuit Court that the settlement was not in the minor's best interests because, after it was approved, the plaintiff's claim against Auto-Owners was dismissed on the ground that she had failed to obtain Auto-Owners' consent, as required by her policy. Despite being advised by Auto-Owners that the policy required its consent, however, the plaintiff had asserted in the Wayne Circuit Court that the settlement would be in the minor's best interest, with her claims against Auto-Owners for uninsured and underinsured motorist benefits continuing. This was a trial strategy decision, and any mistake made was the plaintiff's rather than a mutual one. Given the facts presented to it, the Wayne Circuit Court did not err by concluding that the settlement was in the minor's best interests.

Affirmed.

COMPROMISE AND SETTLEMENT — APPROVAL OF SETTLEMENTS — MINORS — DISMISSED PARTIES.

Before a civil action is commenced, the authority to approve or reject the settlement of a claim involving a minor rests with the probate court; after a civil action has been commenced on behalf of a minor, however, the judge to whom the action has been assigned rather than the probate court must approve or reject a proposed settlement, regardless of whether a defendant who is a party to the settlement has been dismissed, including a dismissal for failure to serve process (MCR 2.420[A], [B]).

*Gordon I. Berris* and *John Walt* for Jennifer Peterson.

*O'Neill, Wallace & Doyle, P.C.* (by *Charles F. Filipiak*), for Auto-Owners Insurance Company.

*Ewing, Carron, Wolfe, Pominville & Jarema* (by *Celeste M. Wolfe*) for Hashim Jamal-Hughes.

Before: WILDER, P.J., and KELLY and BORRELLO, JJ.

PER CURIAM. In this insurance dispute, plaintiff appeals as of right the Bay Circuit Court's order denying her request for relief from a Wayne Circuit Court order approving plaintiff's settlement with North Pointe Insurance Company, defendant Hashim Jamal-Hughes's insurer. We affirm.

## I. PERTINENT FACTS

This dispute arises from an automobile accident involving minor Tracy Holes and a vehicle driven by Jamal-Hughes. Plaintiff filed a complaint against Auto-Owners Insurance Company, Jamal-Hughes, and Judith Louise Cummings in the Wayne Circuit Court. Plaintiff alleged that Jamal-Hughes, driving Cummings's vehicle while under the influence of alcohol, negligently struck Holes, causing her to suffer multiple injuries, including brain damage. Plaintiff asserted that because neither Jamal-Hughes nor Cummings carried automobile insurance, she had submitted a demand for uninsured motorist benefits from her insurer, Auto-Owners, which refused to pay. It is undisputed that Jamal-Hughes was not served and that the summons expired. Although the Wayne Circuit Court never entered an order dismissing Jamal-Hughes, by operation of MCR 2.102(E)(1), he was "deemed dismissed."

During discovery, however, it was determined that Jamal-Hughes had an automobile insurance policy with North Pointe. Plaintiff amended her complaint to state a claim against Auto-Owners for underinsured motorist benefits. Plaintiff and North Pointe agreed to settle plaintiff's claims for Jamal-Hughes's policy limit. Pursuant to MCR 2.420, plaintiff asked the court to approve the settlement. Auto-Owners filed an objection,

arguing that because Jamal-Hughes was "deemed dismissed," the Wayne Circuit Court lacked jurisdiction over him and consequently could not approve the proposed settlement; rather, the probate court was required to approve the settlement. Auto-Owners also asserted that "North Pointe Insurance Company cannot settle the matter without Auto Owners' consent and release. Auto Owners must approve the settlement by North Pointe Insurance with Plaintiff pursuant to Plaintiff's no-fault policy." Plaintiff maintained that "suit has been filed against [Jamal-Hughes] and . . . this Court retains jurisdiction over the lawsuit." Plaintiff also asserted that the court had, "at no time, dismissed [Jamal-Hughes] from the claim and he does remain a party to this action." Further, plaintiff asserted that, "should the Court allow the settlement in this matter, an underinsured motorist case against Auto Owners will continue and there is a $300,000 uninsured motorist contract in effect for this claim" and that "to allow the settlement would be in the best interest of the minor."

After conducting a hearing, the Wayne Circuit Court approved the settlement and entered an order allowing a partial settlement against Jamal-Hughes only. It subsequently entered an order changing venue, upon Auto-Owners' motion, to the Bay Circuit Court. In the Bay Circuit Court, Auto-Owners sought summary disposition on the grounds that plaintiff had violated her contract with Auto-Owners when she entered into the settlement with North Pointe without Auto-Owners' consent. Plaintiff then moved to set aside the order approving her settlement with North Pointe, arguing that the Wayne Circuit Court

> did not have all the facts before it when it determined that
> the settlement was in the best interest of the minor. At no

time was this Court informed, either in a brief or during the hearing, that because of the settlement with North Pointe Insurance Company, Auto Owners could and would move for dismissal of plaintiff's claim for underinsured motorist benefits.

Changing course from her earlier position, plaintiff further contended that the Wayne Circuit Court lacked jurisdiction to enter a judgment against Jamal-Hughes. Auto-Owners, also changing its prior position, disagreed, stating that, while the Wayne Circuit Court lacked jurisdiction to enter a judgment against Jamal-Hughes, it had the authority to approve the settlement with North Pointe. Jamal-Hughes filed a counterclaim against plaintiff seeking damages for having to defend against plaintiff's attempt to vacate the order approving the settlement.

The Bay Circuit Court ruled that neither it nor the Wayne Circuit Court had ever had personal jurisdiction over Jamal-Hughes. It further found that Auto-Owners had informed the Wayne Circuit Court that plaintiff's failure to obtain Auto-Owners' approval of the settlement with North Pointe might bar further proceedings against Auto-Owners, but plaintiff had asserted that Auto-Owners' objection was simply a trial tactic. The court then ruled that plaintiff had made a "conscientious decision as a trial strategy to settle the case . . . [and that, if] any mistake was made, . . . it was . . . made by plaintiff unilaterally and not mutually." The court also ruled that the Wayne Circuit Court had the right to approve the settlement under MCR 2.420, although it lacked personal jurisdiction over Jamal-Hughes, because an action was brought before that court on behalf of the minor. The Bay Circuit Court denied plaintiff's motion to set aside the order approving the settlement and subsequently dismissed the claims against all defendants.

II. ANALYSIS

Plaintiff contends on appeal that the Bay Circuit Court erred in denying her motion to set aside the Wayne Circuit Court's "judgment against [Jamal-]Hughes . . . ." We disagree.

A trial court may grant relief from a judgment or order pursuant to MCR 2.612(C)(1), which provides:

> On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> (d) The judgment is void.
>
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
>
> (f) Any other reason justifying relief from the operation of the judgment.

"A trial court's decision on a motion under this rule is reviewed for abuse of discretion." *Haberkorn v Chrysler Corp*, 210 Mich App 354, 382; 533 NW2d 373 (1995).

Plaintiff first contends that the Bay Circuit Court should have granted her motion for relief from the "judgment against [Jamal-]Hughes" because, as a result of the failure to serve process on Jamal-Hughes before expiration of the summons, he was deemed dismissed and, therefore, the Wayne Circuit Court did not have personal jurisdiction over him. We disagree;

the Wayne Circuit Court did not enter a judgment against Jamal-Hughes after he was dismissed; rather, it properly entered an order approving plaintiff's settlement with Jamal-Hughes's insurer pursuant to MCR 2.420.

The issuance, use, and expiration of a summons following the filing of an action are governed by MCR 2.102. It provides, in relevant part:

> (E) Dismissal as to Defendant Not Served.
>
> (1) On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction. As to a defendant added as a party after the filing of the first complaint in the action, the time provided in this rule runs from the filing of the first pleading that names that defendant as a party.
>
> (2) After the time stated in subrule (E)(1), the clerk shall examine the court records and enter an order dismissing the action as to a defendant who has not been served with process or submitted to the court's jurisdiction. The clerk's failure to enter a dismissal order does not continue an action deemed dismissed.
>
> (3) The clerk shall give notice of the entry of a dismissal order under MCR 2.107 and record the date of the notice in the case file. The failure to give notice does not affect the dismissal. [MCR 2.102(E).]

It is undisputed that Jamal-Hughes was not served before the expiration of the summons. Consequently, he was deemed dismissed. While the Wayne Circuit Court did not enter an order dismissing Jamal-Hughes, if it had, it would have been a dismissal without prejudice. MCR 2.102(E)(1). Nevertheless, we agree that under MCR 2.102(E), when the action against Jamal-Hughes was deemed dismissed, the Wayne Circuit Court did not have any pending action against Jamal-Hughes that would allow a judgment to be entered. However, the

Wayne Circuit Court never entered a *judgment* against Jamal-Hughes; it entered an *order* approving plaintiff's settlement with Jamal-Hughes's insurer, North Pointe. The issue, therefore, is whether the Wayne Circuit Court had authority to enter this order.

Issues involving the interpretation of court rules are subject to review de novo. *CAM Constr v Lake Edgewood Condo Ass'n,* 465 Mich 549, 553; 640 NW2d 256 (2002). In that case, our Supreme Court held:

> "When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. Similarly, common words must be understood to have their everyday, plain meaning." [*Id.* at 554 (citations omitted).]

Settlements for actions brought on behalf of minors are governed by MCR 2.420. Subsection A of MCR 2.420 sets forth the applicability of the court rule and designates who has the authority to approve the settlement of a minor's claim. It provides:

> This rule governs the procedure followed for the entry of a consent judgment, a settlement, or a dismissal pursuant to settlement in an action brought for a minor or a legally incapacitated individual by a next friend, guardian, or conservator or where a minor or a legally incapacitated individual is to receive a distribution from a wrongful death claim. Before an action is commenced, the settlement of a claim on behalf of a minor or a legally incapacitated individual is governed by the Estates and Protected Individuals Code. [MCR 2.420(A).]

Accordingly, "[b]efore an action is commenced," the authority to approve or reject "the settlement of a claim" involving a minor rests with the probate court. See MCL 700.5401 *et seq.* "A civil action is commenced

by filing a complaint with a court." MCR 2.101(B). Once an action has been commenced, MCR 2.420(B) expressly provides: "In actions covered by this rule, a proposed consent judgment, settlement, or dismissal pursuant to settlement must be brought before the judge to whom the action is assigned and the judge shall pass on the fairness of the proposal." MCR 2.420(A) and (B) do not indicate that an action must be commenced and that the defendant must be properly served before the trial court "shall pass on the fairness of the proposal." Nor do these rules indicate that if an action has been commenced, but the defendant has been dismissed in any fashion, the probate court retains authority to pass on the fairness of the proposed settlement. We read the plain language of MCR 2.420 to provide that, after an action has been commenced on behalf of a minor, the judge to whom the action has been assigned must approve or reject a proposed settlement regardless of whether a defendant who is a party to the settlement has been dismissed. To conclude otherwise would impermissibly read into MCR 2.420 language that is not there. *Omne Financial, Inc v Shacks, Inc,* 460 Mich 305, 311; 596 NW2d 591 (1999).

We next apply MCR 2.420 to the facts of this case. Plaintiff commenced this action on behalf of minor Holes in the Wayne Circuit Court by filing a complaint. The action was assigned to Judge Gershwin Drain. Although Jamal-Hughes was never served, resulting in his dismissal, the action against him had been commenced. Therefore, when North Pointe offered to settle any claim against Jamal-Hughes, the action remained assigned to Judge Drain. Thus, pursuant to MCR 2.420, Judge Drain was required to approve or reject the proposed settlement.

Plaintiff also contends that the Bay Circuit Court should have granted her motion for relief from judgment because it was not in Holes's best interest given that, after it was approved, plaintiff's claim against Auto-Owners was dismissed on the ground that the insurance policy barred plaintiff's claim against Auto-Owners when plaintiff failed to obtain its consent to the settlement. We disagree.

The record of the hearing regarding the settlement reflects that the nine-year-old minor was present. Plaintiff informed the Wayne Circuit Court that the minor had sustained a closed-head injury requiring her to undergo special education and take medication. The court was further informed that Jamal-Hughes was "basically insolvent," but maintained a policy with North Pointe for $20,000. The parties agreed that the money would be placed into a bank account under the supervision of the probate court. It was further agreed that the money would be placed into plaintiff's counsel's trust or with the probate court until the probate court approved the distribution. In addition, Auto-Owners had pointed out in its brief that plaintiff's policy required Auto-Owners' consent to any settlement. Nonetheless, plaintiff asserted that the settlement was in the minor's best interests despite Auto-Owners' objection to the settlement. In her brief, plaintiff had stated: "[S]hould the Court allow the settlement in this matter, an underinsured motorist case against Auto Owners will continue and there is a $300,000 uninsured motorist contract in effect for this claim. . . . [T]o allow the settlement would be in the best interest of the minor." As the Bay Circuit Court pointed out, plaintiff made a "conscientious decision as a trial strategy to settle the case. . . . If any mistake was made, . . . it was . . . made by plaintiff unilaterally and not mutually." Given the facts presented to it, the

Wayne Circuit Court did not err in concluding that plaintiff's settlement with North Pointe for the policy limits was in the minor's best interests.

Therefore, we conclude that the Bay Circuit Court did not abuse its discretion in denying plaintiff's motion for relief from the Wayne Circuit Court order approving plaintiff's settlement with North Pointe.

Affirmed.