*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSEMARIE S. CHRISTENSEN and JOSEPH CHRISTENSEN, individually and as next friends of KLC, Minor,

      Plaintiffs-Appellees,

v

MAHAD HUSSEIN-AFRAH, SARAJEVO, LLC, SARAJEVO, INC., ENB ENTERPRISES, AFAM LOGISTICS, LLC, and THE HANOVER INSURANCE GROUP, also known as CITIZENS INSURANCE COMPANY OF THE MIDWEST,

      Defendants,

and

AMAZON LOGISTICS, LLC,

      Defendant-Appellant.

UNPUBLISHED
April 11, 2024

No. 364919
Wayne Circuit Court
LC No. 20-016629-NI

Before: CAVANAGH, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Defendant, Amazon Logistics, LLC (Amazon), appeals by leave granted[1] an order granting plaintiffs' motion for relief from judgment, thereby vacating a previously entered order granting Amazon's motion for summary disposition in this lawsuit arising from an automobile accident. We reverse and remand for reinstatement of the previous order granting Amazon's motion for summary disposition and granting judgment in favor of Amazon.

---

[1] *KLC v Mahad Hussein-Afrah*, unpublished order of the Court of Appeals, entered June 27, 2023 (Docket No. 364919).

# I. BACKGROUND FACTS

This action arises out of an automobile accident that occurred on October 31, 2020, in which a semi-truck rear-ended a vehicle occupied by plaintiffs, Rosemarie, Joseph, and their minor son KLC. Plaintiffs' second amended complaint[2] alleged that the semi-truck was driven by defendant Mahad Hussien-Afrah; the semi-truck was owned by defendants Sarajevo, LLC (or Sarajevo, Inc.), ENB Enterprises, and/or AFAM Logistics, LLC; and the semi-truck's trailer had signage for Amazon Prime, as Sarajevo, ENB, and/or AFAM are delivery service partners of defendant Amazon—which owned the semi-truck's trailer. Plaintiffs further alleged that defendant, the Hanover Insurance Group[3] (a/k/a Citizens Insurance Company of the Midwest) (Citizens), insured plaintiffs under a policy providing UM and UIM coverage. This appeal concerns only the third-party no-fault claims plaintiffs brought under MCL 500.3135 against defendant Amazon.

The trial court entered its first scheduling order on May 18, 2021, and its final amended scheduling order on February 14, 2022. The final scheduling order indicated that witness and expert witness lists were to be filed by February 28, 2022; discovery was to be cutoff on May 23, 2022; and dispositive motions were to be filed no later than 30 days after the agreed-upon facilitation that occurred on May 23, 2022.

On June 23, 2022, Amazon filed a motion for summary disposition under MCR 2.116(C)(10), arguing that none of the three plaintiffs sustained a threshold injury as required under the no-fault act so their claims must fail as a matter of law. In the alternative, Amazon argued, even if any of the plaintiffs could meet the injury threshold, no excess wage loss claims could be pursued so Amazon was, at minimum, entitled to partial summary disposition with regard to that element of damages. More particularly, Amazon argued that only Joseph was taken to the hospital from the scene of the accident and was discharged to home a few hours later. Neither Rosemarie nor KLC suffered any physical injury and did not immediately seek medical attention following the accident. In fact, KLC testified in his deposition that he was unemployed at the time of the accident and, while he experienced stress after the accident—including from the 2020 presidential election—he resumed his normal activities after the accident, including attending school and participating in recreational activities like hunting and traveling. Rosemarie also testified that she experienced emotional stress after the accident, but did not see a physician, had no physical injuries from the accident, suffered no lost wages (her wages increased in fact), and she resumed her normal activities after the accident. Joseph was diagnosed with a concussion after the accident, but that resolved without any permanent damages and he resumed his normal

---

[2] Plaintiffs' initial complaint was filed December 22, 2020; plaintiffs' first amended complaint, which in relevant part added Amazon as a defendant, was filed August 20, 2021; and plaintiffs' second amended complaint was filed January 24, 2022.

[3] The Hanover Insurance Group was dismissed by stipulated order entered October 8, 2021. AFAM was dismissed by stipulation on April 20, 2022. Citizens was dismissed by stipulation on June 9, 2022. ENB was dismissed by stipulation on November 7, 2022. The order appealed was entered in December 2022, and then a third amended complaint was filed in February 2023 which again named ENB and AFAM as defendants.

activities without restrictions or pain, including recreational walking, yard work, attending baseball games, and traveling. Joseph also testified in his deposition that he had no lost wages from the accident. Therefore, Amazon argued, none of the three plaintiffs sustained a serious impairment of body function, i.e., an objectively manifested impairment of an important body function that affected their general ability to lead their normal lives, as required for recovery under the no-fault act. And all three plaintiffs testified that they were not claiming any wage loss arising from the accident. Accordingly, plaintiffs' claims against Amazon must be summarily dismissed under MCR 2.116(C)(10). Amazon attached several exhibits to its motion, including plaintiffs' second amended complaint, the transcript of Joseph's deposition testimony, the traffic crash report, the transcript of KLC's deposition testimony, the transcript of Rosemarie's deposition testimony, and Joseph's medical reports.

On September 1, 2022, plaintiffs filed a response to Amazon's motion for summary disposition, arguing that Joseph sustained threshold injuries in the accident including a concussion and left shoulder impingement for which he received medical treatment. Further, KLC, who is autistic, also sustained threshold injuries in the accident because he was severely traumatized, but plaintiffs conceded that Rosemarie did not sustain threshold injuries and was only pursing a consortium claim arising from her husband Joseph's injuries. In particular, with regard to Joseph's claim, plaintiffs argued that Joseph's diagnoses included "post concussion/TBI and consequent shoulder impingement syndrome" and stated to "[s]ee records of Dr. Bloom, Suzy Jackson a speech pathologist at the Reichert Center and Fatima Kahn and Orthopedic rehab Specialist (Exhibits 4-7)[.]" Apparently, Joseph went to orthopedic rehabilitation from May through July 2021 for his left shoulder issue and was diagnosed with post-concussion syndrome which was characterized as resolving in June 2021. Plaintiffs also argued that Joseph's injuries affected his general ability to lead his normal life because, as he testified in his deposition, he was not capable of handling stress like he used to, had difficulty concentrating, and it was hard to feel interested and motivated. Therefore, plaintiffs argued, Amazon's motion for summary disposition as to Joseph's claim must fail. And, plaintiffs argued, Amazon's motion must also fail as to KLC's claim because, as doctor visits of November 6, 2020 and December 11, 2020 demonstrate, KLC experienced anxiety and panic attacks after the accident.

Plaintiffs attached several exhibits to their response—300 pages of exhibits without an appendix or notations of any kind—including: Exhibit 1—the traffic crash report; Exhibit 2—medical records from Joseph's emergency room visit on October 31, 2020; Exhibit 3—the transcript of Joseph's deposition testimony; Exhibit 4—numerous pages of records, including: a report dated February 17, 2021 of speech language pathologist Suzy Jackson of the Reichert Health Center following evaluation of Joseph, a report from a head CT of Joseph on October 31, 2020, emergency room records for Joseph dated October 31, 2020, and an ambulance report dated October 31, 2020 for Joseph; Exhibit 5—the following medical records for Joseph: report of Dr. Mark Oberdoerster dated December 2, 2020, reports of Dr. Stephen Bloom of Associates in Physical Medicine and Rehabilitation dated January 28, 2021, March 5, 2021, June 7, 2021; Exhibit 6—the following medical records for Joseph: duplicate copy of speech therapy report, reports of psychologist Fatima Khan dated March 9, 2021, March 16, 2021, March 23, 2021, March 30, 2021, April 6, 2021; Exhibit 7—the following medical records of Joseph: reports of Orthopaedic Rehab Specialists, P.C. dated May 27, 2021 (initial evaluation for left shoulder physical therapy), and notes regarding subsequent physical therapy visits, concluding with final visit of July 13, 2021 which stated that Joseph had 15 visits and had significant improvement—

over 75%—in his left arm/shoulder and was discharged; Exhibit 8—medical records of KLC dated March 4, 2014, a November 5, 2020 office visit note stating he was in an accident on 10/31/20 and was having panic attacks and anxiety—was given contact information for therapist—and was having some chest wall and neck pain but doctor stated "no sign of serious injury at this time;" an office visit note of December 11, 2020 for annual physical visit which states he was struggling with anxiety/panic attacks/mood issues after car accident and had been given number to a therapist but family did not call, and doctor also stated "no concerns" and encouraged to follow up in one year.

On September 7, 2022, Amazon filed a reply to plaintiffs' response in opposition to its motion for summary disposition, arguing that plaintiffs conceded that Amazon was entitled to summary disposition on Rosemarie's claim and on any claim for excess wage loss. Further, Joseph's claim must be dismissed because he did not have an objectively manifested impairment of an important body function and there had been no impact on his general ability to lead his normal life. Although he was diagnosed with a mild concussion after the accident, he fully recovered as evidenced by the results of a May 2021 neuropsychological examination which stated that his concentration, memory, processing speed, and complex attention were all within average to high average range. And to the extent that Joseph claimed his left shoulder pain was related to the accident, he could not show that it constituted a serious impairment of an important body function. Moreover, Amazon argued, Joseph had been able to lead his normal life after the accident without issue. And KLC's claim must also be dismissed, Amazon argued, because he also did not have an objectively manifested impairment of an important body function and there had been no impact on his general ability to lead his normal life either. Accordingly, Amazon argued that it was entitled to summary disposition of this entire case.

On October 6, 2022, the trial court heard oral arguments on Amazon's motion for summary disposition and the parties argued consistently with their briefs. In particular, plaintiffs' counsel conceded that there was no excess wage loss claim and that Rosemarie had no medical treatment to support an injury claim. Plaintiffs' counsel argued, however, that Joseph sustained a traumatic brain injury, as well as a shoulder injury, and KLC also was impacted by this accident since he slept in his parents' bed for three months and did not drive for over a year after the accident. Amazon's counsel replied that there was no evidence of a serious neurological injury with respect to either Joseph or KLC, as required for recovery under the no-fault act, and there was no evidence that any injury affected their general ability to lead their normal lives. The trial court agreed with Amazon and granted the motion for summary disposition. The court noted that KLC testified that he had no physical injuries, but slept with his parents for three months and had a panic attack that may have partly been because of the accident and partly because of the national election going on at the time. KLC also testified that he was able to participate in numerous activities, including playing soccer, driving, working for his parents, hunting, traveling, and was planning on going to college. The court concluded that there was no question of fact that KLC did not suffer an objectively manifested impairment, nor was his general ability to lead his normal life affected by any purported injury. The court further held that Joseph did not suffer a serious impairment of body function which affected his general ability to lead his normal life. He did sustain a concussion, but he recovered from it as his neuropsychological evaluation stated that there was no impairment of his cognitive abilities and Joseph had the capacity to make medical, legal, and financial decisions. Further, his purported shoulder injury was not sufficiently supported by the evidence to be considered an objectively manifested impairment. And Joseph failed to establish

-4-

that his general ability to lead his normal life was affected; his vague deposition testimony in that regard was insufficient. Accordingly, the trial court granted Amazon's motion for summary disposition as to the third-party no-fault claims of KLC, Joseph, and Rosemarie. On October 12, 2022, an order was entered by the court that dismissed all claims asserted by plaintiffs against Amazon and judgment was entered in favor of Amazon.

On October 25, 2022, plaintiffs filed a motion to set aside/clarify the order granting summary disposition, or for relief from judgment under MCR 2.612(C), or for reconsideration under MCR 2.119(F). Plaintiffs argued that Amazon only claimed that the physical injuries allegedly sustained by Joseph and KLC did not meet the no-fault threshold under MCL 500.3135(5), but Amazon did not challenge the traumatic brain injuries (TBI) sustained by Joseph and KLC, and thus, those claims made under MCL 500.3135(2)(a)(*ii*) should not have been dismissed. In support of their TBI claims, plaintiffs submitted to the trial court with this motion a report and affidavit of Dr. Gerald Shiener, a board-certified forensic psychiatrist, as well as a preliminary report of Dr. Bradley Sewick, a board-certified neuropsychologist. These physicians, plaintiffs argued, opined that Joseph and KLC sustained traumatic brain injuries. Thus, plaintiffs argued, the trial court improperly granted Amazon's motion for summary disposition. The brief in support of this motion was more detailed than their response to Amazon's motion for summary disposition had been with regard to the medical treatment received, chronicling various medical appointments and the issues that were treated as well as the impressions of the medical providers of both Joseph and KLC. Because both Joseph and KLC sustained traumatic brain injuries, plaintiffs argued, and because those brain injuries were not challenged by Amazon in its motion for summary disposition, the trial court must vacate its order granting summary disposition and judgment in favor of Amazon. On November 2, 2022, plaintiffs also submitted to the trial court, in support of their motion, exhibit 12, which was an affidavit of Dr. Stephen Bloom.

On October 31, 2022, Amazon filed a response to plaintiffs' motion, arguing that plaintiffs (1) never claimed that MCL 500.3135(2)(a)(*ii*) applied to their case; (2) never stated in their response to Amazon's motion for summary disposition that either Joseph or KLC satisfied MCL 500.3135(2)(a)(*ii*); and (3) never produced any appropriate supportive documents in that regard to the trial court in response to Amazon's motion for summary disposition. Plaintiffs only relied on medical records and their deposition testimony which was insufficient. And Amazon had argued both in their brief and at oral argument on the motion that neither Joseph nor KLC established that they sustained a serious neurological injury as required under the no-fault act. Further, Amazon argued, plaintiffs were improperly submitting affidavits and opinion reports to the trial court that were never submitted to the court and were provided to defense counsel in September 2022, well after discovery had closed in this matter—prompting the filing of motions to strike that were not heard because of the dismissal order entered by the court. In particular, Amazon noted, this case was initially filed on December 22, 2020; on April 27, 2022, plaintiffs responded to Amazon's discovery requests and failed to identify opinions of any retained experts; on May 6, 2022, plaintiffs were deposed; on May 23, 2022, discovery closed without plaintiffs filing a supplement to their discovery responses concerning expert testimony; on June 23, 2022, Amazon filed its motion for summary disposition; on September 1, 2022, plaintiffs filed a response relying solely on their medical records and deposition testimony; on September 8, 2022, two months before the scheduled trial date and four months after discovery closed, plaintiffs produced Dr. Shiener's report to Amazon's counsel; on September 15, 2022, plaintiffs produced Dr. Sewick's "preliminary report" to Amazon's counsel; on September 16, 2022, Amazon filed motions to strike

Drs. Shiener and Sewick as discovery sanctions; and on October 6, 2022, the trial court heard and granted Amazon's motion for summary disposition, rendering moot Amazon's motion to strike.

Amazon argued that, contrary to plaintiffs' claim, MCR 2.612(C)(1)(a) does not provide grounds for relief from the summary disposition order and judgment entered against plaintiffs because the court did not make a "mistake." Plaintiffs presented no evidence to the trial court that either Joseph or KLC suffered severe neurological injuries before the court granted Amazon's motion for summary disposition. Further, Amazon argued, plaintiffs' motion for relief brought under MCR 2.612(C)(1)(b) also must fail because the purported evidence presented to the trial court in plaintiffs' motion—information from their retained experts, Drs. Shiener and Sewick—was not "newly discovered" evidence that could not have been discovered with due diligence. Dr. Sewick's reports existed prior to the judgment being entered and, in any case, did not consist of "testimony under oath," and did not diagnose either Joseph or KLC with a serious neurological injury. And Dr. Shiener's report and affidavit were not new evidence—he was plaintiffs' own retained expert. Moreover, plaintiffs had over 18 months to conduct discovery and supplement their discovery responses but inexplicably waited until months after discovery closed. Plaintiffs also relied on MCR 2.119(F)(3) to support their motion for relief, but plaintiffs could not "demonstrate palpable error by which the court and the parties have been misled . . . ." MCR 2.119(F)(3). Amazon argued that plaintiffs were essentially claiming "that they have the right to introduce additional evidence and arguments well after the close of discovery and after [the trial court] has held an exhaustive hearing and rendered a decision on the motion for summary disposition." Plaintiffs had not previously claimed that either Joseph or KLC met the closed head injury provision set forth in MCL 500.3135(2)(a)(*ii*). Amazon concluded by arguing that there was no justifiable reason for the court "to abandon the general principles governing motions for reconsideration and relief from judgment to allow plaintiffs a 'second chance' to argue their case." Accordingly, Amazon argued, plaintiffs' motion should be denied. Amazon attached to its responsive brief several exhibits, including plaintiffs' amended initial disclosures; plaintiffs' witness list; Joseph's responses to Amazon's interrogatories; plaintiffs' response to Amazon's notice to produce; Amazon's motions to strike Dr. Sewick and Dr. Shiener and plaintiffs' responses to these motions; and the trial court's summary disposition scheduling order.

On November 3, 2022, the trial court conducted a hearing on plaintiffs' motion. The parties argued consistently with their briefs. That is, plaintiffs argued that Amazon's motion did not address the traumatic brain injuries claimed in this case under MCL 500.3135(2)(a)(*ii*) and plaintiffs also—mistakenly—did not address this issue. But by the time this motion had been filed, plaintiffs had been treated for their traumatic brain injuries although plaintiffs' counsel—mistakenly—had not mentioned that fact in the response to Amazon's motion for summary disposition. Plaintiffs' counsel also admitted that the exhibits of numerous medical records should have been in chronological order and explained because it was not the trial court's job to go through such a stack of records without proper explanation. The court interjected that nowhere in the medical records provided was there reference to a serious neurological injury or serious traumatic brain injury. Plaintiffs requested that the court grant their motion, reinstating the case, after which they would voluntarily dismiss it, and then refile the case.

Amazon's counsel responded to plaintiffs arguments, arguing that plaintiffs actually filed a motion for a "mulligan," which must be denied. The trial court did not, in fact, make any mistake in granting Amazon's motion. Amazon argued that plaintiffs did not raise the argument about any

alleged closed head injuries at the summary disposition stage because they could not—"there was no testimony under oath, in the record, from a qualified doctor, that either Joseph, or [KLC], have a serious neurological injury." In fact, Amazon argued, Amazon raised this point both in its motion for summary disposition and at oral argument—and plaintiffs did not argue to the contrary. Now, Amazon argued, it was much too late to make this argument and submit proofs in support of it. Amazon argued that the reports and affidavits recently filed by plaintiffs could not be considered because "after eighteen months of discovery, and roughly four months between when Amazon filed its Motion for Summary Disposition, and when the [trial court] heard the argument on that Motion, Plaintiffs didn't produce any of these materials to the Court." And, Amazon argued, it was clear that plaintiffs did not even get their experts involved in this case until well after the court had closed discovery—and then sought to unfairly sandbag Amazon with these materials. These materials are untimely and cannot be submitted for consideration. Amazon argued that the trial court did not make any mistake and properly granted Amazon's motion for summary disposition based on the record presented to the court after 18 months of discovery was completed.

The trial court noted that it had previously held that there was no serious impairment established with regard to either Joseph or KLC based on the medical records that had been provided to the court. And plaintiffs had conceded that Rosemarie did not have a serious impairment. The court concluded that, after review of the motion for summary disposition, responsive brief, reply brief, and oral argument, the court did not make a mistake and it was not setting aside the order granting summary disposition based on a mistake. The court stated that it would render a written decision with regard to the other aspects of plaintiffs' motion, particularly the requests for reconsideration and for relief from judgment.

On December 2, 2022, the trial court issued its decision on plaintiffs' motion to set aside/clarify the summary disposition order, or for relief from judgment under MCR 2.612(C), or for reconsideration under MCR 2.119(F). The court noted that it was dispensing with plaintiffs' request under MCR 2.119(F) and was proceeding with a ruling under MCR 2.612(C). The trial court then stated:

> This Court finds that it failed to notice two (2) mentions of alleged traumatic brain injuries in Plaintiffs' response to the underlying motion for summary disposition amongst a list of numerous other alleged impairments. Additionally, this Court notes that Plaintiffs failed to specifically cite to such findings amidst the hundreds of pages of medical records that were provided to this Court to sift through on its own. This Court further finds that these facts, coupled with the new evidence that Plaintiffs have since produced in the form of additional medical documentation and affidavits, is sufficient for this Court to grant Plaintiffs' request for relief from this Court's "Order Granting Motion for Summary Disposition of Defendant Amazon Logistics, LLC pursuant to MCR 2.116(C)(10)" pursuant to MCR 2.612(C)(1)(f).

Accordingly, the trial court set aside, in its entirety, the order granting summary disposition that was entered on October 12, 2022, denied plaintiffs' motion for relief from judgment under MCR 2.612(C)(1)(a) (because the court did not make a mistake), and granted plaintiffs' motion for relief from judgment under MCR 2.612(C)(1)(f). Plaintiffs then filed a motion for voluntary dismissal, which was opposed by Amazon.

On December 27, 2022, Amazon filed a motion for reconsideration of the trial court's order granting plaintiffs relief from judgment, arguing that four palpable errors existed and a different disposition would result from correction of any one of them. First, the court granted plaintiffs' motion under MCR 2.612(C)(1)(f) but plaintiffs never sought relief under that court rule, and thus, Amazon had no opportunity to address this matter. Further, the three factors that must be satisfied to grant relief under that rule did not exist in this case. See *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999). Second, the court improperly considered and relied upon "new evidence" in the form of "additional medical documentation and affidavits" that plaintiffs simply failed to produce earlier in this case and while discovery was still open—which was palpable error. Third, the court improperly relied on two nonspecific references to "traumatic brain injury" in plaintiffs' responsive brief but any such reference was insufficient to establish their case, and neither KLC nor Rosemarie even claimed to have such an injury but their claims were also reinstated. Fourth, the court reinstated Rosemarie's claim and plaintiffs' excess wage loss claims—all of which were conceded by plaintiffs as meritless and were properly dismissed by summary disposition. Accordingly, Amazon requested the trial court to reinstate the order granting summary disposition and judgment in Amazon's favor, dismissing all claims alleged by plaintiffs.

On January 13, 2023, the trial court held oral arguments on Amazon's motion for reconsideration and stated that it had overlooked some sections of the medical records and felt that it reached the correct result. The trial court concluded that it had reached the right and just decision on plaintiffs' motion, and thus, denied Amazon's motion for reconsideration. The court stated that Rosemarie's bodily injury claim is dismissed, but it would consider whether plaintiffs still had a claim for excess wage loss as to Rosemarie and Joseph at a future hearing.

On January 17, 2023, the trial court held a hearing and addressed several issues, including that Rosemarie's bodily injury claim was waived. Further, the excess wage loss claims of Rosemarie and KLC were waived. There was a dispute as to whether Joseph's excess wage loss claim was conceded at the October 6, 2022 hearing. Plaintiffs argued that it was not, and Amazon argued that it certainly was, as evidenced by the fact that the trial was scheduled for November 7, 2022 and no proofs of excess wage loss were ever produced as evidence—and still had not been produced. The court held that Joseph's potential future excess wage loss claim remained an issue in the case. The court then turned to the issue of plaintiffs' motion to voluntarily dismiss this case and denied the motion because Amazon already indicated that it was appealing the trial court's order vacating the previous order that granted Amazon's motion for summary disposition. Therefore, Amazon's motion to stay was also granted.

On January 23, 2023, the trial court entered an order denying Amazon's motion for reconsideration of the December 2, 2022 order granting plaintiffs relief from judgment. Also on January 23, 2023, the trial court entered an order denying plaintiffs' motion for voluntary dismissal. And on February 2, 2023, the trial court entered an amended order stating that the remaining viable claims in this lawsuit were: Joseph's bodily injury claims and future excess work loss damages; KLC's bodily injury claims; and Rosemarie's loss of consortium claim arising out of Joseph's claims. On February 13, 2023, the trial court entered an order granting Amazon's motion to stay proceedings pending an interlocutory appeal.

On February 13, 2023, Amazon filed its application for leave to appeal. Amazon argued in it application, as it does on appeal, that the trial court erred in granting plaintiffs relief from

judgment under MCR 2.612(C)(1)(f)—thereby setting aside an order granting Amazon's motion for summary disposition—when plaintiffs did not seek relief under MCR 2.612(C)(1)(f), the decision reinstated claims plaintiffs actually conceded and abandoned, and no extraordinary circumstances existed to warrant such relief as required under that rule. Moreover, Amazon argued, as it does on appeal, the trial court should have granted its motion for reconsideration of that erroneous decision. This Court granted Amazon's application for leave to appeal. *KLC v Mahad Hussein-Afrah*, unpublished order of the Court of Appeals, entered June 27, 2023 (Docket No. 364919).

## II. ANALYSIS

### A. STANDARD OF REVIEW

This court's review of a trial court's decision to grant relief from judgment under MCR 2.612(C) is for an abuse of discretion. *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 412; 733 NW2d 413 (2007) (citation omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). The interpretation and application of court rules is a question of law reviewed de novo. *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012). A trial court's decision on a motion for reconsideration is also reviewed for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013).

### B. MCR 2.612(C)(1)(F)

MCR 2.612(C) sets forth the grounds for relief from judgment and states:

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

In this case, plaintiffs sought relief from judgment under "MCR 2.612(C)," and made a reference in their motion to MCR 2.612(C)(1)(a), stating that "mistake" is a basis for relief. During oral argument on the motion, plaintiffs' counsel referred to mistakes made by plaintiffs' counsel,

-9-

but not by the trial court. In any case, the trial court granted plaintiffs relief from the judgment entered in favor of Amazon following the granting of Amazon's motion for summary disposition, citing MCR 2.612(C)(1)(f)—a provision of this rule that was never raised by plaintiffs as a basis for relief. As can be understood from that language, this is a "catch-all" provision. To grant relief under this subsection, "three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e [of MCR 2.612(C)(1)], (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice." *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999). "Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Id*. at 479.

The trial court did not specifically address any of the *Heugel* requirements when it granted plaintiffs relief from judgment, but stated that "it failed to notice two (2) mentions of alleged traumatic brain injuries in Plaintiffs' response to the underlying motion for summary disposition amongst a list of numerous other alleged impairments." The trial court also noted that plaintiffs "failed to specifically cite to such findings amidst the hundreds of pages of medical records that were provided to this Court to sift through on its own." And, the court concluded, based on these two "facts" and the "new evidence" plaintiffs "have since produced in the form of additional medical documentation and affidavits," plaintiffs were entitled to relief from the judgment that was entered in Amazon's favor. The trial court clearly abused its discretion in granting plaintiffs relief from that judgment on the stated grounds. See *Smith*, 481 Mich at 526.

First, even if plaintiffs' responsive brief to Amazon's motion for summary disposition did contain "two (2) mentions of alleged traumatic brain injuries" that the trial court did not notice— plaintiffs' responsive brief does not constitute *evidence* that any of the three plaintiffs did, in fact, sustain a traumatic brain injury. Amazon brought its motion for summary disposition under MCR 2.116(C)(10) which tests the factual support of a claim *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). As the moving party, Amazon had to identify the matters that had no disputed factual issues, *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996), and Amazon argued that none of the three plaintiffs sustained a threshold injury as required under the no-fault act. It was then incumbent on plaintiffs, who opposed the motion, to establish by evidentiary materials that a genuine issue of disputed fact existed on the issue whether any of them sustained a threshold injury. *Id*. at 362-363. The trial court, in evaluating the motion, must consider the substantively admissible *evidence* actually proffered in opposition to the motion—not the arguments proffered. See *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). Thus, the trial court's justification for granting plaintiffs relief from the judgment, entered in Amazon's favor, under MCR 2.612(C)(1)(f), i.e., because the court missed two mentions of traumatic brain injuries in plaintiffs' responsive brief, was erroneous.

Second, the trial court also noted that plaintiffs "failed to specifically cite to such findings [of traumatic brain injuries] amidst the hundreds of pages of medical records that were provided to this Court to sift through on its own." While unclear, the trial court may have meant that it might have failed to see a reference to a traumatic brain injury because it did not read every word of every medical record plaintiffs submitted with their response to Amazon's motion for summary disposition. As stated earlier, plaintiffs attached 300 pages of exhibits to their responsive brief without any appendix or notations of any kind. The trial court neither has the time nor the

obligation to scour the documents submitted, conducting an independent search of the records, in an attempt to find evidence supporting plaintiffs claim that a genuine issue of material fact existed on the contested issue. Rather, it was plaintiffs' obligation to direct the court to the evidence that established a question of fact. See, e.g., *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 379; 775 NW2d 618 (2009) (citation omitted).

Further, to the extent plaintiffs claimed that Joseph and/or KLC sustained a threshold injury under the no-fault act because they had closed-head injuries, MCL 500.3135(2)(a)(*ii*) states, in relevant part: "However, for a closed-head injury, a question of fact for the jury is created if a licensed allopathic or osteopathic physician who regularly diagnoses or treats closed-head injuries testifies under oath that there may be a serious neurological injury." And as this Court explained in *Churchman v Rickerson*, 240 Mich App 223; 611 NW2d 333 (2000), even a diagnosis of "traumatic brain injury" does not create a question of fact for the jury because such a diagnosis does not necessarily indicate that a serious neurological injury was sustained. *Id*. at 230. A traumatic brain injury may be mild, moderate, or severe. *Id*. "Interpreted literally, then, the phrase 'traumatic brain injury' simply describes a closed-head injury that resulted in trauma, or injury, to the brain." *Id*. at 231. And, in this case, plaintiffs' response to Amazon's motion for summary disposition included a plethora of medical records, which, first of all, does not constitute testimony under oath as required by MCL 500.3135(2)(a)(*ii*), and, second, only refer to a "*mild* traumatic brain injury" as to Joseph, but not even that diagnosis as to KLC—there was no diagnosis of a closed-head injury of any kind as to KLC. Thus, the trial court's justification for granting plaintiffs relief from the judgment, entered in Amazon's favor, under MCR 2.612(C)(1)(f), i.e., because the court may have missed a reference to a "traumatic brain injury" located somewhere in the huge stack of medical records submitted with plaintiffs' responsive brief, was erroneous.

Third, the trial court relied on "new evidence" plaintiffs submitted with their motion for relief from judgment and that "evidence" was "additional medical documentation and affidavits." It is unclear why the trial court allowed plaintiffs to expand the record from that which was relied upon at the time plaintiffs opposed Amazon's motion for summary disposition. No court rule or case law was cited by the trial court in support of its consideration of these additional documents. By proceeding as it did, the trial court allowed plaintiffs to use the opinions of purported experts to defeat Amazon's motion for summary disposition despite the fact that those expert opinions were disclosed only *after* the close of discovery, and about a month before the scheduled trial in this case that had been pending for about 18 months. The discovery cut-off date, as set forth in the trial court's final scheduling order, was May 23, 2022. Amazon filed its motion for summary disposition on June 23, 2022, and an order granting that motion was entered October 12, 2022. The reports and affidavits filed by plaintiffs as exhibits to their motion to set aside the order granting Amazon's motion for summary disposition were dated August 30, 2022; October 25, 2022, and October 26, 2022. These documents clearly post-date the close of discovery—so they were not provided to Amazon during the discovery period—and post-date the filing of Amazon's motion for summary disposition. In fact, Amazon later filed motions to strike the very experts that provided the "additional medical documentation and affidavits," but the trial court refused to rule on those motions before allowing plaintiffs to effectively defeat Amazon's timely-filed motion for summary disposition through the use of an improperly expanded record. In summary, the trial court's justification for granting plaintiffs relief from the judgment, entered in Amazon's favor, under MCR 2.612(C)(1)(f), i.e., because plaintiffs provided "new evidence," was erroneous.

The trial court also should not have granted relief under MCR 2.612(C)(1)(f) because even if the court concluded that the third requirement of the test set forth in *Heugel* was met, i.e., "extraordinary circumstances [ ] exist that mandate setting aside the judgment in order to achieve justice," *Heugel*, 237 Mich App at 479, the substantial rights of Amazon, the opposing party, would be detrimentally affected by setting aside the judgment in Amazon's favor. See *id.* Setting aside the judgment rewards plaintiffs for their lack of due diligence and improper conduct, and burdens Amazon with having to continue to litigate a costly lawsuit in which it properly defended and legitimately prevailed. Further, there was no evidence whatsoever that Amazon obtained the judgment by improper conduct. See *id.*

In summary, the trial court abused its discretion when it granted plaintiffs' motion for relief from judgment, vacated the order granting Amazon's motion for summary disposition, and reinstated the claims of all three plaintiffs. Therefore, the trial court also abused its discretion when it denied Amazon's motion for reconsideration of this decision. This lawsuit was properly dismissed in its entirety on October 12, 2022, when the trial court entered an order granting Amazon's motion for summary disposition, dismissing all claims asserted against Amazon, and entered judgment in favor of Amazon and against plaintiffs on all claims. Accordingly, we remand this matter for reinstatement of that order and judgment in favor of Amazon.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick